JOSEPH N. CONNORS, SR. *v.* GERARD TURGEON.

*Hughes & Burns* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the plaintiff.

*Charles F. Hartnett* for the defendant.

BLANDIN, J. We believe the evidence warranted the verdict and the defendant's motions for a nonsuit and directed verdict were properly denied. Aside from statutory provisions, hereinafter discussed, the defendant's negligence in leaving his unlighted truck with the rear end painted black without flares, with its reflectors findably

dirty and rusty and with two-thirds of it on the main traveled highway is plain. Not only was there evidence from which the Court could have found it practicable to have moved the truck before a quarter of five, since the defendant lived nearby and had means to do so, but at anytime after that hour it is undisputed that he could have driven it off. Had he done so there would have been no accident. It therefore appears the Court correctly ruled that in leaving the vehicle parked as he did he violated R. L., c. 119, s. 26, known as the parking statute and that this violation was causal. *Sanders* v. *Welch Company*, 92 N. H. 74. The finding of causal fault for failing to place flares as required by R. L., c. 119, s. 28, was also warranted. *MacDonald* v. *Appleyard*, 94 N. H. 362; *Sanders* v. *Welch Company, supra.*

The defendant's argument that there was no evidence to warrant a finding that the motor vehicle was a truck within the meaning of R. L., c. 115, s. 1, *par* XV, cannot prevail. The Court took a view which "may have furnished a vital part of the evidence." *Tetreault* v. *Gould*, 83 N. H. 99, 102.

The defendant claims however that the plaintiff was guilty of contributory negligence as a matter of law and in so doing seeks to hold him to various estimates of distances. It is well established that such estimates need not be accepted. *O'Brien* v. *Company*, 95 N. H. 79, 81. The plaintiff did not drive recklessly into a wholly blind situation as was the case in the authorities cited by the defendant. Here the Court found the plaintiff was momentarily distracted by the lights of oncoming cars, which is a common occurrence. *Putnam* v. *Bowman*, 89 N. H. 200, 205. Furthermore it is well known that it is difficult even in the exercise of due care to see black objects in the road at night. There was testimony that he was driving reasonably and that he acted as soon as he became aware of the danger. There being evidence under all the circumstances that he exercised some care the finding by the Court that the plaintiff was not contributorily negligent is warranted. *Dennis* v. *Railroad*, 94 N. H. 164, 165.

An examination of the defendant's exceptions to testimony discloses none sustainable. Many were in connection with the admission of opinion evidence and the record disclosing no abuse of the Court's discretion these are overruled. *Sanders* v. *Welch Company*, 92 N. H. 74, 81.

We come lastly to the exceptions to the Court's denial of certain requests for findings. Some of the findings requested are immaterial or inconsistent with the findings and rulings made and others are not required. Numbers 8, 9 and 10 are in substance that Mr. Dessault

was a competent mechanic and the defendant was entitled to rely on him to move the truck to a safe place. The effect of the defendant's testimony being that he did not rely on Dussault to remove the truck it is plain that such findings could not be made. *Bartis* v. *Warrington*, 91 N. H. 415, 417, 418. Various other requested rulings inconsistent with the general conclusions of the Court were properly denied. *Chabot* v. *Shiner*, 95 N. H. 252. Others requiring the plaintiff as a matter of law to anticipate the defendant's negligence obviously should not have been granted. *Holt* v. *Grimard*, 94 N. H. 255. The exceptions relating to damages appear without merit for in view of the losses and injury the plaintiff sustained the verdict of $1,000 was well within reason. It follows the order is

*Judgment on the verdict.*

All concurred.